MEMORANDUM OPINION
{¶ 1} On February 27, 2006, appellant/cross-appellee,[1] Joy E. Longo, filed a notice of appeal from a February 3, 2006 entry and a February 21, 2006 entry of the Geauga County Court of Common Pleas.
 {¶ 2} In the February 3, 2006 judgment entry, the trial court ordered that appellee pay appellant the sum of $128,250 within four months of the date of the judgment entry, and that appellee retain the Florida condominium free and clear of any claim of appellant. The trial court also denied appellant's motion for an appraisal of the Florida condominium and her motion for attorney fees. In the February 21, 2006 judgment entry, the trial court denied appellant's motion for an award of statutory interest. It is from those entries that appellant filed her notice of appeal.
 {¶ 3} On July 19, 2006, appellee filed a motion to dismiss the appeal and for attorney's fees. Appellee claims that the there is no final order because of the language contained in the trial court's February 3, 2006 entry, which states that: "[t]he other issues remanded with the Court of Appeals will be resolved by either further hearing or a subsequent judgment entry." Furthermore, appellee alleges that the February 21, 2006 entry simply denied the motion to award statutory interest. According to appellee, because neither entry indicated that there was no just reason for delay, there is no final appealable order.
 {¶ 4} We note that an issue must be final and appealable on its own for this court to have jurisdiction to address it. First, the trial court did not resolve all remanded issues. In the February 3, 2006 entry, the trial court states that the other remanded issues will either be resolved by a further hearing or a later judgment entry. Thus, the order appealed from is not final because, at the time of the trial court's decision, other issues and claims remained pending in this action. This court will not have jurisdiction until a final appealable order is issued.
 {¶ 5} Additionally, neither order contained Civ.R. 54(B) language, which provides that:
 {¶ 6} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 7} Here, it is clear from both the February 3, 2006 and February 21, 2006 entries that were appealed from did not contain Civ.R. 54(B) language. Thus, without the inclusion of Civ.R. 54(B) language, there is no final appealable order.
 {¶ 8} Accordingly, appellee's motion to dismiss is granted, this appeal and cross-appeal are dismissed due to lack of a final appealable order.
Appeals dismissed.
O'Neill, J., Rice, J., concur.
[1] For purposes of this memorandum opinion, appellant/cross-appellee will be referred to as appellant, and appellee/cross-appellant, Charles V. Longo, will be referred to as appellee.